UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| GREAT PLAINS SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-56-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| K-VA-T FOOD STORES, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of Defendant's Motion to Amend Answer, R. 56, Defendant's Motion to Dismiss, R. 66, Defendant's Motion for Summary Judgment on Defendant's counter-claims, R. 70, and Defendant's Motion for Reconsideration, R. 76. The Plaintiff did not respond to any of these motions. For the reasons below, the Court hereby **GRANTS** Defendant's Motion to Amend Answer, Motion to Dismiss Plaintiff's Claims, and Motion for Summary Judgment on Defendant's counter-claims. The Court **DENIES** Defendant's Motion for Reconsideration as **MOOT**.

**Background**

On February 16, 2005, the Plaintiff filed this action for breach of a transportation services agreement. R. 1. The Defendant filed an answer, R. 5, which it has subsequently moved to amend, R. 56. The Defendant also included a counterclaim in its answer whereby it sought damages against the Plaintiff for breach of the transportation services agreement. R. 5 at 12-15.

On September 6, 2007, Plaintiff's counsel moved to withdraw from the matter. R. 62.

On September 12, 2007, the Court deferred ruling on this motion and granted Plaintiff 20 days to retain new counsel. R. 64. The Court sent this Order to the Plaintiff, but it was returned as undeliverable. R. 65. On January 14, 2008, the Court ordered that counsel and their parties attend a scheduling conference on January 31, 2008. R. 68. This was subsequently advanced to January 25, 2008. R. 69. The Order further provided that "Plaintiff's counsel **will be expected** to demonstrate to this Court that their client has been notified of said hearing or[] that counsel is incapable of effecting said notification." R. 69 (emphasis in original).

On January 25, 2008, the Plaintiff failed to attend the hearing. R. 71. The Court issued an Order to Show Cause why sanctions should not be imposed for Plaintiff's failure to appear. *Id.* The Plaintiff never responded to this Order.

On April 7, 2008, the Court ordered a telephonic status conference be held on April 17, 2008. R. 75. That order was sent to Plaintiff and returned as undeliverable on April 15, 2008. R. 77. The court held a telephonic status conference with counsel on April 17, 2008. R. 78. At that conference, Plaintiff's counsel indicated that they had been unable to communicate with Plaintiff. *Id.* The Court noted that Plaintiff, through its representative Lee Pipgras, had repeatedly failed to comply with the Court's orders and counsel's requests. *Id.* In an abundance of caution, however, the Court gave Plaintiff one more chance. The Court provided the following in its minute order:

> In order to avoid dismissal of his claims under Fed. R. Civ. P. 41(b), the Plaintiff must file a pleading by **May 19, 2008**, indicating that (1) it is still interested in pursuing this matter, and (2) it will comply with orders of the Court. If the Plaintiff files the aforementioned pleading, it shall receive until **May 29, 2008**, to respond to Defendant's Motion to Dismiss [R. 66] and Defendant's Motion for Summary Judgment [R. 70] on its counterclaim. Failure to respond with

2

> specificity to Defendant's Motion for Summary Judgment [R. 70] will be grounds for granting the motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidence material in support of its position.); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) (In determining whether there is a genuine issue of material fact, "[a] district court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). To be clear, if Plaintiff again fails to comply with the Court's orders, the Court will dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 41(b) and will rule on Defendant's Motion for Summary Judgment [R. 70] on its counterclaim.

*Id.* at 2, ¶ 2 (emphasis in the original). The Court further directed Plaintiff's counsel to file a certification in the record demonstrating his efforts to serve the Order upon the Plaintiff. *Id.* at 3, ¶ 3. Finally, the Court asked the clerk's office to serve the Plaintiff at his last known address. *Id.* at 3, ¶ 4.

On April 25, 2008, Plaintiff's counsel certified that he tried to serve the Order upon Plaintiff by mail, email, and facsimile. R. 79. On May 1, 2008, the Order the Clerk's office sent was returned as undeliverable. R. 80.

## Discussion

**I. Defendant's Motion to Dismiss**

Defendant has moved to dismiss this matter with prejudice for, among other reasons, Plaintiff's failure to comply with Orders of this Court. R. 66. Federal Rule of Civil Procedure 41(b) provides a district court the authority to dismiss a case for failure to prosecute. Dismissal, however, is a harsh sanction that the Court should only take after it has given the Plaintiff adequate opportunity to prosecute its case. Indeed, the Sixth Circuit has laid out four factors at

3

which a court should look before dismissing a case under Rule 41:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). While none of the factors are dispositive, "it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citation omitted).

Here, all of these factors are met. (1) The Plaintiff's failure to prosecute this action is clearly of its own making. As detailed above, it has repeatedly failed to respond to Orders of the Court or even its own counsel. To the extent it has relocated, it never notified its counsel or the Court. (2) The Defendant has clearly been prejudiced by Plaintiff's failure to comply with Orders of the Court. The litigation remains hanging around the neck of the Defendant three years after it was filed. Defendant has paid for its counsel to attend and participate in hearings that were fruitless because of Plaintiff's neglect. (3) The Court did its best to warn Plaintiff of the possibility of dismissal if it did not comply with Orders of the Court. *See* R. 78. It is not the obligation of the Court to search for and locate a Plaintiff. (4) No less drastic sanction would be appropriate at this time. Dismissal is the only remedy for Plaintiff's wholesale failure to prosecute this matter. *See, e.g., Rouse v. Jefferson City Health Rehabilitation Ctr.*, No. 98-5384, 1999 WL 183333, at *1 (6th Cir. 1999) (unpublished) (holding plaintiff's failure to comply with show cause order sufficient grounds for dismissal); *Walker v. Dallman*, No. 92-3817, 1993 WL 57381, at *1 (6th Cir. 1993) (unpublished) (holding that if party has notice that dismissal is

contemplated and he does not respond to court's order, then dismissal is appropriate). Consequently, this Court hereby dismisses Plaintiff's complaint with prejudice due to Plaintiff's failure to prosecute.

## II.     Defendant's Motion for Summary Judgment on its Counter-Claims

Defendant has also moved for summary judgment on Count I and Count II of its counterclaims. R. 70. The Court finds that motion well taken for the reasons provided therein. As this Court warned in its Order directing Plaintiff to respond, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (6th Cir. 1992). In addition, "if a plaintiff fails to respond to or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished); *see also Humphrey v. United States Attorney General*, No. 07-3740, at *5-6 (6th Cir. May 15, 2008) (same). Thus, Defendant's Motion for Summary Judgment on its counter-claims is hereby granted.

### Conclusion

Accordingly, it is hereby **ORDERED** as follows:

(1)     Defendant's Motion to Amend its Answer, R. 56, Motion to Dismiss, R. 66, and Motion for Summary Judgment on its Counter-Claims, R. 70, are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

(2)    Defendant's Motion for Reconsideration, R. 76, is hereby **DENIED AS MOOT**.

(3)    Defendant shall have until **June 27, 2008**, to file a status report in this case indicating what, if anything, is remaining in this matter. Defendant shall also file a proposed order delineating its damages (including supporting documentation) on its counter-claims by **June 27, 2008**.

This the 23rd day of May, 2008.

Signed By:
*Amul R. Thapar*
United States District Judge