UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| GREAT PLAINS SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-56-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| K-VA-T FOOD STORES, INC., | ) | **AND ORDER ON DAMAGES** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court in its Memorandum Opinion and Order of May 23, 2008, R. 82, granted Defendant's Motion to Amend Answer, R. 56, Motion to Dismiss Plaintiff's Claims, R. 66, and Motion for Summary Judgment on Defendant's counter-claims, R. 70. The Court ordered briefing on the amount of damages at that time. Defendant K-Va-T Food Stores Inc. (K-VA-T) has filed a proposed order delineating damages and a calculation of pre and post-judgment interest and has submitted affidavits supporting its claims. R. 84, 86.

Though Plaintiff Great Plains Services (GPS) has not responded to K-VA-T's claims for damages, the Court may not simply accept the claimant's statement of damages in the pleadings. *See Antoine v. Atlas Turner Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995). The Court has a duty to ensure that the damages are based in the facts claimed by K-VA-T. *See Id.*; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding that though a district court is not required to hold an evidentiary hearing to determine damages, it must nevertheless take necessary steps to establish damages with

reasonable certainty).

When, as here, the amount of damages can be determined from the pleadings, affidavits and submissions by the parties, the Court need not hold a separate hearing on damages and may enter judgment on damages based on the record. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); *see also Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (relying on affidavits submitted by the non-defaulting party to determine damages); *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (finding that the amount of damages was established by the plaintiff's affidavit and supporting documents); *HMG Prop. Investors Inc. v. Parque Indus. Rio Canas Inc.*, 847 F.2d 908, 917–19 (1st Cir. 1988) (finding no error where a district court dismissed a case and awarded damages based on the record where the plaintiff had "a deplorable pattern of pervasive noncompliance with court orders" and the court had warned the party that dismissal would be in order if it continued to fail to comply); *Mount v. Book-of-the-Month Club, Inc.*, 1978 Copy L. Rep. (CCH) ¶ 25,010 (S.D.N.Y. May 1, 1978) (awarding liquidated damages without a hearing upon a grant of summary judgment). Here K-VA-T requests three types of damages: compensatory damages for GPS's breach of the GPS/K-VA-T Transportation Service Agreement (Service Agreement), pre and post-judgment interest on the damages awarded because of the breach, and costs and attorney's fees incurred in this

action.

**1. Damages based upon the Service Agreement**

In its May 23, 2008, Memorandum Opinion and Order the Court granted summary judgment on K-VA-T's counter-claims that GPS breached the Service Agreement. The Court found that GPS failed to pay the freight carriers the charges required by the Service Agreement and the rebates and commissions which were due and payable under the Service Agreement. K-VA-T requests compensatory damages based on this breach in the amount of $81,410.70 plus $56,306.39. These damages are adequately supported by the facts.

K-VA-T has presented the Affidavit of Laura Mullins, K-VA-T's accountant, which states that the amount K-VA-T paid to the freight carriers because of GPS's failure to make full and timely payments as required by the Service Agreement was $81,410.70, and the last payment was made on June 8, 2005. R. 84, Attach. 2. Ms. Mullins further asserted in her affidavit that the total amount of K-VA-T's share of rebates or commissions, which should have been paid by GPS under the Service Agreement, was $56,306.39 and that this amount has been due since February 14, 2005. *Id.* The Court finds Ms. Mullins' sworn affidavit provides an adequate factual basis for K-VA-T's claims of damages under the contract in the amount of $81,401.70 plus $56,306.39.

**2. Interest**

K-VA-T further requests pre and post-judgment interest as allowed by Kansas state law – the law governing the GPS/K-VA-T Transportation Service Agreement. R. 84. Specifically, K-VA-T requests an award of pre-judgment interest at the rate of 10% per

annum on the $81,410.70 award from June 8, 2005, to the date of this judgment and on the $56,306.39 award from February 14, 2005 to the date of this judgment, as provided for by Kansas Annotated Statutes § 16-201. *Id.* Since this interest is provided for by the Kansas law governing the contract, K-VA-T is entitled to pre-judgment interest at this rate. Thus, K-VA-T is entitled to pre-judgment interest in the amount of $25,694.31 for the three years and fifty-seven days between June 8, 2005, and August 4, 2008, and in the amount of $19,544.16 for the three years and one hundred and seventy-two days between February 14, 2005, and August 4, 2008.

K-VA-T also requests post-judgment interest in the amount provided for by Kansas law until the judgment is fully paid. Kansas Annotated Statutes § 16-204 "Interest on Judgments" outlines the appropriate interest to be paid post-judgment. For judgments rendered after July 1, 1986, the rate of interest, per annum, is to be "four percentage points above the discount rate (the charge on loans to depository institution by the New York federal reserve bank as reported in the money rates column of the Wall Street Journal) as of July 1 preceding the date the judgment was rendered" notice of which will be published by the secretary of state "not later than the second issue of the Kansas register published in July each year." KAN. STAT. ANN. § 16-204 (d), (e) (2006). Thus, K-VA-T will be entitled to interest on its judgment at this rate from the date the judgment is entered to the time it is fully paid.

### 3. Attorney's Fees

Finally, K-VA-T moves the Court to award it Attorney's Fees and Costs based on

Kansas Annotated Statute § 60-3323, which provides that a Court may award reasonable attorney's fees when "(i) a claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or registered in bad faith, or (iii) willful and malicious misappropriation exists." KAN. STAT. ANN. § 60-3323.  Article 33 of Chapter 60 of the Kansas Annotated Statutes, however, refers to "Actions Relating to Commercial Activity Uniform Trade Secrets Act," and the definitions for that article provided in § 60-3320 make clear that misappropriation in this context does not refer simply to a misappropriation of funds, but instead refers to a misappropriation of a trade secret.  *Id.*  This statutory provision is inapplicable here because the claim made by GPS is for breach of contract and a misappropriation of funds, not for a misappropriation of a trade secret or an injunction under the statute.  Since K-VA-T has not directed the Court to an applicable statute under which it could be awarded attorney's fees, the Court cannot award them here.

Nevertheless, Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  K-VA-T has provided the affidavit of its attorney Donald H. Combs stating that K-VA-T incurred necessary and reasonable costs and expenses, not including attorney's fees, in the amount of $11,878.60 in this action.  R. 84, Attach. 3.  Thus, since K-VA-T is the prevailing party here it is entitled to costs other than attorney's fees amounting to $11,878.60.

Accordingly, it is **ORDERED** as follows:

(1)   K-VA-T is entitled to compensatory damages in the amount of **$81,410.70**

5

      **plus $56,306.39**.

(2)    GPS is to pay K-VA-T pre-judgment interest in the amount of **$25,694.31** on the $81,410.70 award and **$19,544.16** on the $56,306.39 award.

(3)    Should GPS fail to immediately and fully satisfy this judgment, GPS is to pay K-VA-T post-judgment interest on this judgment at the rate of four percentage points above the discount rate, notice of which will be posted in the Kansas register as provided for by Kansas Annotated Statutes § 16-204.

(4)    GPS is to pay K-VA-T costs and expenses in the amount of **$11,878.60**.

(5)    A separate judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This the 4th day of August, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge